IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NORMAN D. PARKER**,
BOP # 09144-033

**Petitioner,**

**v.**

**J.T. SHARTLE,**[1]

**Respondent.**   No. 08-CV-0008-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Pending before the Court is Norman D. Parker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Specifically, Parker filed this petition for review of the Bureau of Prisons' denial of his request for *nun pro tunc* designation of a state institution for service of his federal sentence. Respondent filed a response (Doc. 10). Based on the following, the Court dismisses as moot Parker's petition.

After the briefing of Parker's petition was completed, Parker was

---

[1]Warden J.T. Shartle has been substituted as the respondent. ***See Al-Marri v. Rumsfield***, **360 F.3d 707, 712 (7th Cir. 2004)**.

released from the custody of the Bureau of Prisons on October 30, 2009.[2]  Thus, the Court turns to address whether Parker's petition still presents a case or controversy after his release.

## II. Analysis

Any petitioner who files his petition for habeas corpus relief while he is incarcerated is in "custody" within the meaning of the federal habeas corpus statues. **Spencer v. Kemna, 523 U.S. 1, 6, (1998)**.  This remains true even after an inmate is released.  **See Cochran v. Buss, 381 F.3d 637, 640 (7th Cir. 2004)("[i]t has long been established that "custody" does not require physical confinement"); Phifer v. Clark, 115 F.3d 496, 500 (7th Cir. 1997)**.  Petitioners are therefore in "custody" when they are no longer confined by prison walls but are nevertheless serving a sentence that "invovle[s] significant restraints on [their] liberty," such as a person on supervised release.  **Jones v. Cunningham, 371 U.S. 236, 239 (1963)**.  Parker was incarcerated at FCI Marion when he filed this petition and the Court assumes that he is on supervised release; therefore, he is "in custody" for the purposes of his habeas petition.  **Trotter, 270 F.3d at 1150; Spencer, 523 U.S. at 1**.

The issue before the Court is therefore not whether Parker's petition is moot because he is no longer incarcerated, but whether there remains a "case and

---

[2]**See** http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=norman+&Middle=d&LastName=parker&Race=U&Sex=U&Age=&x=85&y=8

controversy" this Court can resolve. **See Spencer, 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petition's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2 of the Constitution.")**. A federal court is not permitted to review moot cases due to "Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." **A.M. v. Butler, 360 F.3d 787, 790 (7th Cir. 2004); Spencer, 523 U.S. at 7 (noting the "case or controversy requirement subsists through all stages of federal judicial proceedings")**. A federal court must therefore "dismiss a case as moot when it cannot give the petitioner any effective relief." **Butler, 360 F.3d at 790; see also North Carolina v. Rice, 404 U.S. 244, 246 (1971)(per curiam)(federal courts do not have the power "to decide questions that cannot affect the rights of litigants in the case before them."); Spencer, 523 at 7**. Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because there are "collateral consequences - lingering disabilities or burdens" that exist. **D.SA. v. Circuit Court Branch, 942 F.2d 1143, 1146 (7th Cir. 1990)**.

Collateral consequences include repercussions such as the inability to hold public office, vote in state elections and serve as a juror. **See Carafas v. La Vallee, 391 U.S. 234, 237-38 (1968)**. These consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. **Spencer,**

**523 U.S. at 7-8;** *Cochran*, **381 F.3d at 641**. However, where a released petitioner does not challenge his underlying criminal conviction but only a parole revocation, such consequences are questionable and speculative, and no such presumption exists. **See Spencer, 523 U.S. at 12-13**. The same rationale applies to petitions challenging designation requests where no collateral consequences are likely.

Here, Parker claims that the Bureau of Prisons abused its discretion by failing to designate *nunc pro tunc* the State of Kentucky for service of his sentence. He does not show that there was any legal error in the sentence calculation. Further, the Court cannot fathom any collateral consequence or disability that Parker continues to suffer from the alleged improper designation of his sentence that the Court could remedy. Thus, there is no longer a case or controversy, and Parker's petition is moot.

### III. Conclusion

Accordingly, the Court **DISMISSES as moot** Parker's petition for writ of habeas corpus (Doc. 1). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 11th day of February, 2010.

/s/   *David R Herndon*
**Chief Judge**
**United States District Court**